Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL
OATA-2025-215

| JOSÉ A. SERRANO MULERO<br><br>Peticionario<br><br>v.<br><br>VERÓNICA LLERA VEGA<br><br>Recurrida | TA2025CE00698 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Familia y Menores, Sala de Bayamón<br><br>Caso núm.: BY2020RF00369 (4003)<br><br>Sobre: Ruptura Irreparable |
| --- | --- | --- |

Panel integrado por su presidente el juez Rivera Torres, la jueza Santiago Calderón y la jueza Alvarez Esnard.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de noviembre de 2025.

Comparece ante este tribunal apelativo, por derecho propio, el Sr. José Serrano Mulero (señor Serrano Mulero o peticionario) mediante el recurso de *certiorari* de epígrafe. En su escrito, el peticionario solicita la revisión de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 14 de octubre de 2025, notificada el mismo día. En dicha determinación, el foro primario declaró *Sin Lugar* a una moción del peticionario solicitando que se le ordenara a la parte demandada, la Sra. Verónica Llera Vega (Señora Llera Vera o recurrida), que entregara la declaración jurada en la que este autorizó el traslado de sus hijos menores de edad al estado de Georgia.

Por los fundamentos expuestos a continuación, denegamos expedir el auto de *certiorari* solicitado.

# I.

El presente caso tiene su génesis en una demanda incoada por el señor Serrano Mulero el 18 de febrero de 2020.[1] Por tratarse de un divorcio, bajo la causal de ruptura irreparable con hijos, en la *Sentencia* dictada el 8 de octubre de 2020, el TPI declaró disuelto el vínculo matrimonial, más determinó concederles la patria potestad a ambos progenitores y la custodia monoparental a la madre de los menores; así como establecer las relaciones paternofiliales con el peticionario, debido a que sus hijos se encontraban viviendo en el estado de Georgia.[2]

Luego de transcurridos casi cinco (5) años, desde la *Sentencia* de divorcio y el establecimiento de la custodia y las relaciones paternofiliales, a partir del 7 de mayo de 2025 las partes comenzaron a presentar numerosas mociones por derecho propio. Mediante estos escritos, ambas partes se acusaron mutuamente de diversas actuaciones que pudieran incidir en el bienestar de los menores. Así las cosas, el 13 de mayo de 2025, el TPI emitió una *Orden* en la que refirió a las partes al Centro de Mediación de Conflictos con relación a las controversias sobre:

1. pobre comunicación entre las partes, entre el padre, madre y estos con sus hijos,
2. los métodos de disciplina,
3. la deuda de pensión alimentaria acumulada por el padre,
4. el hogar del padre y el lugar de pernocte,
5. la forma en que se relacionará el padre con sus hijos en el verano de 2026 y;
6. lo relativo a la patria potestad.[3]

Transcurridos varios incidentes procesales, innecesarios pormenorizar, y tras no lograr llegar a un acuerdo de mediación, mediante la *Orden* emitida el 30 de julio de 2025, el TPI calendarizó vista para el 4 de septiembre de 2025, por videoconferencia, para

---

[1] Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Entrada núm. 1.
[2] SUMAC TPI, Entrada núm. 26.
[3] SUMAC TPI, Entrada núm. 131.

atender los asuntos planteados por el peticionario. Según surge de la *Minuta Enmendada*,[4] el tribunal hizo constar que se presentaron varios escritos por el peticionario y ordenó a este que aclarara cuál era, en síntesis, su solicitud. A lo que el señor Serrano Mulero respondió que le preocupaba la situación de sus hijos en donde aparentemente, según adujo, estos se quedan solos en la casa donde residen con la madre por determinado periodo. Añadió que desea que los menores regresen a Puerto Rico.

Por su parte, la señora Llera Vega, manifestó que los menores se quedan con una cuidadora durante cierto periodo los fines de semana, a quien esta le paga $10 la hora. A su vez, alegó que el peticionario le adeuda gastos extraordinarios y un (1) mes de pensión.

A preguntas del foro primario, el señor Serrano Mulero se obligó a pagar la cuidadora, según transcrito en la minuta.

Por su parte, la Trabajadora Social informó que:

> … entrevistó a ambos padres y a los menores. Que los menores deben ser evaluados a profundidad para conocer qué es lo desean. No obstante, verbalizaron estar bien con la madre. Toda vez que es necesario corroborar a profundidad las alegaciones presentadas por los padres, se recomendó mantener la custodia en la madre.
> En cuanto a la abuela paterna presente en la vista, el Tribunal indicó en la Resolución emitida el 20 de marzo de 2025, en el caso D CU2015-0168 que las relaciones abuelo filiales se llevarán a cabo cuando el padre se encuentre en comunicación mediante llamada telefónica con los menores. Por lo que la abuela deberá dar cumplimiento a lo [que] orden[ó] en dicho caso.[5]

Así, el tribunal acogió las recomendaciones de la Trabajadora Social y; en consecuencia, determinó modificar las relaciones paternofiliales para que se lleven a cabo a través de llamadas telefónicas. Además, resolvió que el padre aportará el 50% del costo de la cuidadora *"babysitter"* de los menores, semanalmente, y pagaderos todos los viernes a través de ATH Móvil de la demandada.

---

[4] SUMAC TPI, Entrada núm. 208.
[5] *Íd.*, a la pág. 2.

Eventualmente, el 3 de octubre de 2025, el señor Serrano Mulero presentó un escrito intitulado *Moción Urgente Informativa.*[6] Por vez primera, solicitó que se le ordenara a la señora Llera Vega a proveer la declaración jurada mediante la que otorgó su permiso para el traslado de los menores al estado de Georgia.[7]

El 6 de octubre de 2025, el TPI emitió y notificó una *Orden* determinando que el Tribunal no va a atender dicho asunto.[8] Adicional, expresó que lo relativo al cambio de custodia solicitado ya se está atendiendo por la trabajadora social asignada.

Inconforme con la determinación, el peticionario presentó una *Moción Urgente para Ordenar Acción Especifica.*[9] En esta, admitió que la solicitud no estaba relacionada a la controversia del caso sobre custodia. En especial, y en lo que nos concierne, solicitó nuevamente que se ordenara la entrega de la declaración jurada donde él autorizó el traslado de los menores fuera de la jurisdicción de Puerto Rico.

El 15 de octubre de 2025, el TPI emitió la *Orden* recurrida en la que declaró *Sin Lugar* a la solicitud del señor Serrano Mulero.[10]

Todavía en desacuerdo, el peticionario acude ante este foro intermedio imputándole al TPI, en lo concerniente, haber incidido al no proveerle la carta, documento, declaración jurada en la que autorizó a sus hijos a viajar por primera vez a Estados Unidos.

El 3 de noviembre de 2025, emitimos una *Resolución* ordenándole al foro primario, fundamentar adecuadamente la

---

[6] SUMAC TPI, Entrada núm. 216.
[7] Apuntalamos que, según surge del expediente, la affidávit o declaración jurada de referencia nunca ha formado parte del expediente. **No obstante, sí surge que el señor Serrano Mulero ha reconocido en varias instancias -desde la presentación de la demanda de divorcio- haber autorizado el traslado de los menores para que residan permanentemente en el estado de Georgia, contrario a lo que afirma en los escritos ante el TPI**. Véase, el SUMAC TPI, Entradas núms. 1, 8, 24, 27, 28, 35, 67, 72, 87, 133, 147, 148, 149, 208, 212, entre otras.
[8] SUMAC TPI, Entrada núm. 218.
[9] SUMAC TPI, Entrada núm. 222.
[10] SUMAC TPI, Entrada núm. 227.

determinación recurrida. En cumplimiento con lo ordenado, el 7 de noviembre, el TPI emitió una *Orden* en la que estableció lo siguiente:

> Examinado el escrito presentado por la parte demandante en la entrada 222, presentado el 14 de octubre de 2025, se declara la solicitud SIN LUGAR. De un examen exhaustivo del expediente electrónico (SUMAC) no surge que se haya presentado por alguna de las partes, el affid[á]vit solicitado ahora por el demandante. A la fecha en que se presentó el caso de marras, ya la demandada y sus hijos residían fuera de Puerto Rico.

Examinado el recurso, el expediente apelativo y la *Orden* emitida por el TPI, el 7 de noviembre, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

## II.

### Auto de *Certiorari*

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005). Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra,* a la pág. 176.

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López,* 213 DPR 314, 334-335 (2023); *Ramos v. Wal-Mart,* 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico,* 152 DPR 140, 155 (2000).

**III.**

En esencia, el peticionario adujo que erró el foro primario al declarar *Sin Lugar* a la petición en la que solicitaba que se le ordenara a la señora Llera Vega, la declaración jurada en la que,

supuestamente, autorizó el traslado de los hijos en común al estado de Georgia.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado al palio de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. De una lectura de la referida norma, surge que no se encuentran presentes los criterios anteriormente enumerados, por lo que no procede nuestra intervención.

Como señalamos previamente, en varias instancias el señor Serrano Mulero expresó y reconoció haber aceptado el traslado de los menores sin objeción alguna. De igual forma, apuntalamos que dicha declaración jurada no fue impugnada en ninguna de esas instancias. Incluso, se hace menester destacar que: (1) los menores ya se encontraban viviendo en el estado de Georgia desde mucho antes que se iniciara el presente caso; (2) el caso de marras no trata sobre la impugnación de la declaración jurada o impugnación del traslado de los menores y; (3) dicho documento no forma parte del expediente del caso ni guarda relación alguna con el asunto en controversia.[11] Asimismo, no podemos obviar que el TPI, luego de un examen íntegro del expediente, encontró que el documento solicitado por el peticionario no le fue presentado por ninguna de las partes para su consideración.

Así pues, examinado el recurso; así como los documentos incluidos en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), colegimos que al palio de la Regla 40 de nuestro Reglamento, antes citada, no procede intervenir en esta etapa de los procedimientos. Esto, debido a que no se nos ha demostrado que el TPI haya incurrido en error, abuso

---

[11] Cabe destacar que el peticionario comenzó con la presentación de un sinnúmero de mociones corridas -una tras otra- solicitando una gran variedad de actuaciones al foro primario, en su mayoría ininteligibles o sin relación alguna a la controversia del caso de autos. Véase, el SUMAC TPI, a las Entradas núms. 130, 147, 148, 149, 155, 156, 167, 169, 173, 180, 181, entre otras.

de discreción o actuado bajo prejuicio o parcialidad en el manejo del caso.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* solicitado.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La juez Álvarez Esnard concurre sin opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones